(54 N. W. Rep. 1030.)

---

## THE GOOSE RIVER BANK *vs.* WM. GILMORE, *et al.*

Opinion filed January 25th, 1893.

### Appeal From Order Denying New Trial—Motion to Purge the Record.

When an appeal is taken from an order denying a new trial, and the motion for such new trial was heard in part upon certain papers and documents, which, on appeal to this court, have been properly identified by the judge and certified by the Clerk of the District Court, a motion to purge the record of such papers and documents for the reason that the same are not authenticated by any bill or statement cannot be sustained. Under § 5, Ch. 120, Laws 1891, no bill or statement is required to bring such papers and documents before the court.

### Bill of Exceptions—Stenographer's Transcript.

The stenographer's transcript of the proceedings had at the trial, and used on a motion for new trial for the purpose of showing errors of law occurring at the trial, does not constitute an authenticated record, and before this court can review errors occurring at the trial the proceeding must be brought upon the record by a bill of exceptions or statement of the case.

### Affidavit of Newly Discovered Evidence.

An affidavit used upon a motion for a new trial, which states that certain evidence could and would be offered if a new trial should be granted, is entirely insufficient unless it also states that such evidence is newly discovered, or furnishes some excuse for not introducing it on the former trial.

Appeal from District Court, Steele County; *McConnell*, J.

Action by the Goose River Bank against Will Gilmore and others. Defendant's had judgment by direction of the court, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

*A. B. Levisee*, for appellant.

*McMahon Bros.* and *J. E. Robinson*, for respondents.

WALLIN, J. In this action the verdict was for the defendants. Plaintiff moved for a new trial, basing its motion upon "the pleadings in the case, the minutes and memoranda of the court, the stenographer's report of the evidence adduced upon the trial, and the affidavit of plaintiff's counsel." The motion was initiated by the service of a notice of intention stating that the "grounds upon which such motion would be urged are: *First*, That the court erred in withdrawing said cause from the jury, and in ordering the jury to render a verdict for the defendants, to which action of the court the plaintiff duly excepted at the time. *Second*, That if the evidence adduced and delivered to the jury on said trial was in fact or in the opinion of the court insufficient to make a fair, *prima facie* case for the consideration of the jury, such defect of proof resulted from the oversight of the plaintiff's counsel, and not from an actual lack of evidence to support said cause as set up in the complaint; and the plaintiffs are justly entitled to have another opportunity to establish the merits of their cause before a jury." The motion was denied, and judgment was entered for defendants dismissing the action, and for costs. No appeal is taken from the judgment, but plaintiff appeals to this court from the order denying the motion for a new trial.

The Judge of the District Court has by his certificate properly identified the papers mentioned below as the papers used on the motion for the new trial, and the clerk has certified such papers to this court, under § 5, Ch. 120, Laws 1891, providing that, "if the appeal is from an order, he shall transmit the order appealed from, and the original papers used by each party on the application for the order appealed from." The papers thus certified up are the following: Complaint; answer; verdict; judgment; order denying motion for a new trial; said notice of intention; an affidavit of plaintiff's counsel, referred to in such notice; a document purporting to be a transcript of the evidence, rulings, exceptions, etc., had and taken upon the trial of this action, which is certified to be correct by the official stenographer of the District Court, but not otherwise authenticated as a true version of the proceedings

had at the trial; lastly 11 pages of what purports to be the evidence of the defendants in a certain other action in which this plaintiff was plaintiff and Willow Lake School township was defendant. The last document was certified to be a true transcript by one Frank La Wall, who affixes the following to his signature: "Ex-Official Stenographer, Sixth Judicial District, Territory of Dakota." The document purporting to be a transcript of proceedings had at the trial of this action embraced, with the testimony, an order based upon the testimony, and directing a verdict in favor of defendants, with plaintiff's exception thereto. It is conceded that no bill of exceptions or. statement of the case was ever prepared, served, or allowed in this action. In this court the defendants' counsel submits a preliminary motion to purge the record by striking therefrom all papers except the judgment roll proper, *i. e.* the complaint, answer, verdict, judgment, and order denying a new trial. No authority is cited in support of this motion, and the only reason offered in its support is that the papers sent to this court have not been embodied in either a bill or statement, and hence, as counsel agree, are not authenticated as a record. A motion similar to this was made and granted in *Wood* v. *Nissen.* 2 N. D. 26, 49 N. W. Rep. 103. In that case, "on appeal from a judgment in favor of the plaintiff, a transcript of the proceedings had at the trial, embracing the evidence as extended by the stenographer, was by the order of the District Court, annexed to the judgment roll, and the same was sent up to this court as a part of the record." No bill or statement was prepared or settled, and this court held that such transcript, though vouched for by the court below, "constitutes no part of the judgment roll," and hence the same was stricken from the roll. But the case referred to must be distinguished from the case at bar, because the former was an appeal from a judgment, and in this case the appeal is from an order only, and the record is certified to this court under § 5, Ch. 120, Laws 1891. The clerk of the court below seems to have complied with the mandate of this statute fully. All papers in

the record are certified to as being used on the application for a new trial, and this is substantially what the statute requires. It would seem quite clear that this court ought not to strike from its files any papers or records properly certified to this court from the court below. *Bailey* v. *Scott*, (S. D.) 47 N. W. Rep. 286. Hence the motion to purge the record must be denied, and we are therefore brought to a consideration of the case as it appears in the light of all the papers in the record.

In this court plaintiff has assigned only the following errors: *First*, "the court erred in withdrawing the case from the jury, and ordering a verdict for the defendants;" *second*, "if, as the court seemed to think, there was in fact a deficiency of proof, then the court erred in refusing a new trial to afford the plaintiff another opportunity to establish its claim;" *third*, "the court erred in refusing a new trial." The third assignment of error cannot be sustained, unless some legal ground or reason for granting a new trial was presented to the trial court.

The second assignment of error does not purport to point out any specific error, either of law or fact, which occurred at the trial, and which would of itself constitute a legal ground for a new trial of the action. A deficiency of proof offered at a trial certainly does not alone constitute any ground for a new trial enumerated in § 5088, Comp. Laws. The assignment omits to state, and nothing in the record supplies the omission, if it could be supplied, that any newly discovered evidence had come to plaintiff's knowledge since the trial; much less is there any attempt to excuse the laches which would have been involved in the non-production of evidence know by plaintiff to exist, and which was not produced at the trial. It follows that the second assignment of error must, for the reasons stated, be overruled.

The first assignment of error, according to the stenographer's transcript, is predicated upon an alleged ruling of the District Court made after plaintiff had rested its case, and is based upon the evidence adduced by the plaintiff. In order to review this ruling, the fact that the ruling was made and excepted to,

together with the evidence upon which the ruling was based, must be duly authenticated and brought upon the record of this court. We think such authentication has not been made in this case. The testimony and rulings at the trial are vouched for only by a stenographer's certificate. While it is true that this certificate is transmitted to this court as one of the papers used on the motion in the court below, yet the stonographer's version of the proceedings had at the trial has never been authenticated by being embodied in a bill or statement settled on notice, and in manner and form as the statute directs. The motion below being upon the minutes, it was proper, if the moving party saw fit to do so, to have a stenographer's transcript of the proceedings before the court for reference; but whether or not such transcript is used upon the hearing the law contemplates that upon such motion all disputed matters of fact must be determined by the trial court upon its own recollection of what occurred at the trial. In this court, however, we cannot so determine disputed facts, and hence it is essential that all matters of fact occurring at the trial should be settled by the court below, and the law points out how this shall be done. After judgment is entered, a bill embracing exceptions may be settled, under § 5083, Comp. Laws. See, also, § § 5084, 5094. We can see no legal reason why a bill or statement was not prepared and settled in this case after the motion was denied. This not having been done, we have no proper record before us of what occurred at the trial, and hence must overrule the first assignment of error.

We do not hold, nor do we intimate the opinion; that where a motion for a new trial is based exclusively upon affidavits and upon the grounds stated in the first four subdivisions of § 5088, Comp. Laws, that a bill or statement must be made a record for use in this court. Our views in this case have reference only to cases arising under the last three subdivisions of said section. Our law and practice relating to bills of exception and statements is largely drawn from the State of California, but in that state appeals

from orders granting or refusing a new trial are in a class by themselves. See Haynes, New Trials & App. §§ 262, 263. Our statutes do not embrace a provision similar to § 951 of the California Code of Civil Procedure, and hence decisions from that state are not in point here as to what constitutes the record on appeals from orders granting or refusing a new trial. See Haynes, New Trials & App. (Ed. 1884,) p. 785, § 262. While we regret the necessity which obliges us to dispose of this case upon a question of practice, yet the exigencies of particular cases cannot suffice to justify this court in violating long established rules of practice, which are essential to the regular administration of law. The order appealed from is affirmed. All concur.