## A. V. Oliver *vs.* Charles E. Wilson.

Opinion filed October 25, 1899.

**Mandamus Will Not Lie to Control Official Discretion.**

In cases where a defendant makes formal demand for his exemptions upon an officer who has seized defendant's chattels under a warrant of attachment, the officer is bound to exercise discretion with respect to turning over the property claimed as exempt; and in all cases where the officer is convinced that, for any reason, the claimant is, under the law, not entitled to exemptions, he is in duty bound not to comply with a demand therefor. Accordingly, *held,* that mandamus will not lie to compel the officer to exercise his official discretion in favor of the claimant, and turn over property so demanded. Mandamus will not lie against ministerial officers to compel the exercise of an official discretion in a particular manner.

**Trover for Conversion of Exempt Property.**

*Held,* further, that, in cases where an officer unlawfully refuses to turn over exemptions, a civil action in the nature of trespass, trover, or replevin will lie against him and his bondsmen for such refusal.

**Adequate Remedy in Motion to Dissolve Attachment.**

*Held,* further, that the defendant has an additional remedy by motion to discharge the attachment in cases such as this, where the seizure is made by warrant of attachment. If the motion is granted, the property will be relieved from the levy; and this, in such cases, affords a speedy and adequate remedy to the claimant.

**Appeal From Judgment Before Entry Premature.**

After a hearing upon the merits, the trial court directed its clerk to issue a peremptory writ of mandamus, and also, in the same order, directed the entry of judgment in favor of the plaintiff for his costs and disbursements. After the service of said order, such judgment was entered; but prior to the entry of such judgment, and subsequent to the service of the order, the defendant served a notice of appeal to this Court, stating therein that the appeal was taken both from the order directing the writ to issue and from the judgment. *Held,* upon these facts, that the appeal was premature and inoperative, as to the judgment; and *held,* further, that said order is an appealable order, inasmuch as it is "a final order affecting a substantial right made in a special proceeding." See subdivision 2, § 5626, Rev. Codes. Motion to dismiss the appeal denied as to such order.

**Printed Abstracts and Briefs—Court Rules.**

The abstracts and briefs filed in this Court were typewritten, and the brief contained no reference to the pages of the abstract. Respondent moved to dismiss the appeal because the abstracts and briefs were not printed, and for said defect in the briefs. These grounds furnish no reason for dismissing an appeal; following State v. McKnight, 7 N. D. 444, 75 N. W. Rep. 790. Motion is denied as to this ground.

**Appeal From Order in Special Proceeding.**

The order appealed from was made upon an application based wholly upon certain papers and documents, and all such papers and documents were transmitted to this Court with the original order;

no oral evidence being offered upon the application for the order. No statement of the case was settled. In this Court, counsel for respondent moved to strike from the records certain papers and documents, on the ground that the same could not properly be transmitted to this Court on appeal from the order, in the absence of a statement of the case. Motion denied. See section 5607, Rev. Codes, and Bank v. Gilmore, 3 N. D. 188, 54 N. W. Rep. 1032.

Appeal from District Court, Cass County; *Pollock, J.*

Application by Mrs. A. V. Oliver for a writ of mandamus against Charles E. Wilson, sheriff. From an order directing the writ to issue, and judgment to be entered against defendant, and from a judgment so entered, defendant appeals.

Reversed.

*Barnett & Reese,* for appellant.

Respondent had an adequate and speedy remedy at law, hence was not entitled to mandamus. *State* v. *County Judge,* 5 Iowa, 380; *Inhabitants* v. *Mulliken,* 7 Gray, 280; *Peo.* v. *Chase,* 70 Ill. App. 42; *Wright* v. *Kelley,* 42 Pac. Rep. 565; *Foster* v. *Angell,* 33 Atl. Rep. 406; *Bickley* v. *Esendworth,* 58 Ill. 364; *State* v. *Beaver,* 143 Ind. 488; *State* v. *Smith,* 38 Atl. Rep. 811; *Wildwald* v. *Dodson,* 30 Pac. Rep. 580. The writ will not issue to control an official discretion. *Wells* v. *Monroe,* 38 Atl. Rep. 897. And where as in this case the facts relied upon by the relator are denied, the writ will not issue. *In re McDonald,* 39 N. Y. Supp. 367.

*Morrill & Engerud,* for respondent.

The other remedy which will prevent the issue of a writ, must be a remedy which like the writ of error or appeal will set aside and annul the void proceeding of which petitioner complains. *State* v. *Rose,* 4 N. D. 319, 58 N. W. Rep. 514. Mandamus is a proper remedy to enforce the exemption right. *State* v. *Wilson,* 48 N. W. Rep. 147.

WALLIN, J. The record in this proceeding discloses that the plaintiff made application to the District Court for a peremptory writ of mandamus, basing said application upon her own affiadvit, which is, in substance, as follows: That an action was then pending in the District Court for Cass county for the recovery of rent, wherein this plaintiff was defendant, and Northern Light Lodge No. 1, etc., a corporation, was plaintiff; that in said action a writ of attachment had issued, and been delivered to defendant herein for service as sheriff; that defendant had, by virtue of said writ, levied upon and seized a certain piano and piano stool belonging to this plaintiff; that within proper time, and in conformity to the statute regulating exemptions, this plaintiff caused to be served upon the defendant a verified schedule of all of her personal property, and demanded of the defendant that he set aside to this plaintiff her personal property exemptions to the amount of $1,500, and in said notice appointed one Brown as one of the appraisers of said property. The affidavit further set out that said civil action was

not brought for labor or physician's services, or for property obtained under false pretenses, and that the plaintiff is a married woman, residing in the County of Cass and State of North Dakota, and has two minor children depending upon her for support, and living with her; and finally it is set out in the affidavit that the defendant has neglected and refused to recognize plaintiff's said claim for exemptions, and refused to cause said property to be appraised or set apart to plaintiff. The affiant asked the trial court to issue the peremptory writ, and thereby compel the defendant to proceed under the exemption law, and cause said property to be appraised, to the end that plaintiff might select her exemptions therefrom. Upon said affidavit an order to show cause was issued, and both the affidavit and order were served upon the defendant, requiring the defendant to show cause why the writ of mandamus should not issue as prayed for in said affidavit. At the hearing of the order to show cause the plaintiff offered in support of her application for the writ the said affidavit of this plaintiff and the order to show cause, and offered no other evidence, whereupon the defendant, by his attorneys, interposed objections to issuing the writ of mandamus, in substance, as follows: First, that the plaintiff has not set out in her affidavit sufficient grounds or reasons for granting the writ; second, that the plaintiff has a speedy and adequate remedy at law. These objections were overruled by the trial court, whereupon the defendant offered in evidence the complaint, and also the affidavit for attachment, in the civil action aforesaid. These papers, which were received in evidence without objection, need not be set out in detail. The complaint stated a cause of action for the recovery of rent. The affidavit for attachment ment was drawn under subdivision 3-5, § 5352, Rev. Codes. Upon this evidence the trial court made an order to the effect that the clerk of the District Court should forthwith issue the writ, substantially as prayed for in plaintiff's affidavit therefor; and said order further directed said clerk to enter a judgment for costs and disbursements in plaintiff's favor, to which order the defendant excepted. Subsequently, and on March 7, 1899, the defendant caused a notice of appeal to this Court to be served, and such notice stated that the appeal was taken both from the order and from the judgment.

In this Court the respondent has made a preliminary motion to dismiss the appeal upon the following grounds: First, that an appeal does not lie from an order granting a peremptory writ of mandamus; and, second, that the attempt to appeal from the judgment was premature; and, finally, upon the ground that no printed abstracts or briefs have ever been served, and that the typewritten briefs actually served do not contain assignments of error which refer to pages of the abstract.

It appears that the notice of appeal was served after the order directing the writ to issue had been served on counsel for the defendant, but such notice was served a few hours prior to the entry

of the judgment by the clerk of the District Court. From this it follows that the appeal from the judgment was premature, and we therefore sustain the motion to dismiss, so far as it relates to the judgment. But, in our judgment, the appeal, so far as it relates to the order, was properly taken, under the provisions of subdivision 2, § 5626, Rev. Codes. The order was a final order affecting a substantial right, and was made in a special proceeding. It was final in the sense that no further order could be made in the special proceeding. Certainly none could be made prior to the entry of judgment. It is true (and this Court has so held) that a mere order directing the entry of judgment in an action is not appealable. See *In re Weber,* 4 N. D. 118, 59 N. W. Rep. 523; *Field* v. *Elevator Co.,* 5 N. D. 400, 67 N. W. Rep. 147; *In re Eaton,* 7 N. D. 273, 74 N. W. Rep. 870. But the case at bar is readily distinguishable from the cases cited, and must be determined upon the express language of the statute regulating appeals from final orders in special proceedings. No similar language is found in the statute relating to final orders directing the entry of judgments in civil actions. We suggest here, however, in the interests of good practice, that the statute now contemplates the entry of a judgment in a mandamus proceeding, and this accords with the practice in the State of New York. The judgment, in our opinion, should award the writ, as well as adjudicate upon the costs, in cases where the final order so directs. On appeal from such judgment, the order could be reviewed and *t*he whole case disposed of. See Rev. Codes, § § 5578, 5585, and especially § 6120.

The next ground of the motion to dismiss the appeal is based upon the fact that the abstracts and briefs served were typewritten, and that the briefs served were further defective in that they did not refer to pages in the abstract. It will be noticed that counsel does not claim that abstracts and briefs were not served by appellant within time. His objection goes entirely to their structure and make-up. But this ground affords no reason for dismissing an appeal to this Court. Rule 39, Amended Court Rules, will authorize this Court in its discretion to dismiss an appeal when there is a failure to comply with the requirements of the rules "within the times therein provided." This ground, so far as appears, does not exist in this case, and the motion to dismiss on this ground will therefore be overruled. See Sup. Ct. Rule 12, 6 N. D. xviii, 74 N. W. vii; also *State* v. *McKnight,* 7 N. D. 444, 75 N. W. Rep. 790. It will be unnecessary, in disposing of the motion, to determine the further question whether typewritten briefs may properly be used in special proceedings, and upon that question we express no opinion here.

But counsel for the defendant has also moved in this Court to strike from the files all papers and records other than plaintiff's affidavit for the writ of mandamus, the order to show cause, and the order granting the writ. This motion is made upon the ground that no statement of the case was settled or allowed in the trial court.

N. D. R.—38

This motion must be denied. The appeal being from an order, the clerk of the District Court was required to "transmit the order appealed from and the original papers used by each party on the application for such order." The case at bar does not authorize or call for the settlement of a statement of the case, inasmuch as the evidence offered upon the application for the order consisted of papers and documents only, and no claim is made in this Court that any of such papers or documents are absent from the record transmitted here. Doubtless cases may arise where the settlement of a statement on appeal from an order would be proper, and a necessary practice, but this record presents no such case. See *Bank* v. *Gilmore*, 3 N. D. 188, 54 N. W. Rep. 1032, citing *Bailey* v. *Scott*, 1 S. D. 337, 47 N. W. Rep. 286.

This brings us to a consideration of the merits, and the question first presented is whether mandamus is a proper remedy to compel an officer to turn over exemptions upon the state of facts presented by this record. In our judgment, this question requires a negative answer. The rule is well settled that either an action for conversion, or claim and delivery proceedings, will lie against an officer, where the officer has refused, on proper demand therefor, to turn over exemptions to the debtor. In such an action the sheriff's bondsmen may be joined. At common law, replevin would not lie against an officer in such case, because the property was regarded as being in legal custody, but this obstacle has been removed by statute in this state. See Rev. Codes, § 5332; also, 10 Enc. Pl. & Pr. pp. 101-105, inclusive, and cases cited in notes; also, Thomp. Homest. & Ex. § § 870-894, inclusive. This learned author, in his chapter treating of the remedies to which the debtor must resort for the protection of chattel exemptions, enumerates actions in the nature of trespass, trover, and replevin as the proper legal remedies, but makes no reference to mandamus as a possible remedy in this connection. Counsel for respondent cites one case,—*State* v. *Wilson*, (Neb.) 48 N. W. Rep. 147,—and we concede that the case supports his contention; but our own researches have failed in discovering any other authority to the same effect. The case cited does not embrace citations of authority in its support, and we are convinced that the case is isolated from, and contrary to, the overwhelming weight of judicial opinion. Nor do we think that the Nebraska case is sound in legal principle. In our judgment, the matter of turning property over to a debtor when the same has been formally demanded as exempt, is not infrequently a matter involving the exercise of official discretion. In this state the exemption right is conditioned not only upon the fact of residence, but also upon the fact that the claimant is the head of a family; and there are further conditions enumerated in the code which will defeat the right to claim exemptions. To determine whether, in a given case the claimant is entitled to chattel exemptions, often involves the determination of questions of fact touching the status of the claimant; and in some cases his relation to the property claimed as exempt are

vitally important,—as where the action is for the purchase money, or where the property seized was obtained by false pretenses. In all such cases the officer is bound, at his peril, to exercise an official discretion with respect to turning over property demanded as exempt. The officer ought not to turn it over certainly—if indemnified —in cases where, in his judgment, there is serious doubt of the claimant's right to exemptions. We are therefore of the opinion that mandamus ought not to be resorted to as a remedy in this class of cases. It is, of course, elementary that this extraordinary remedy cannot be resorted to as a means of compelling ministerial officers to act in any case where the officer's action or nonaction depends upon the exercise of an official discretion. High, Extr. Rem. (2d Ed.) § 80; Merrill, Mand. § 110. In the case at bar, counsel for the appellant contend in argument that the relator's status is such that she is not entitled to exemptions, because, as counsel claim, she is not the head of a family, and because she is a nonresident of this state. It appears by the affidavit of the relator that she is a resident of this state, and that she is a married woman, having two children living with her and dependant upon her for support. But these facts, all and singular, may be controverted, and it cannot be assumed that the proper tribunal will determine them either one way or the other. The creditor has a right to show that the debtor is not entitled to exemptions. Nor can an officer be called upon to settle these important questions of both law and fact. They are just such questions as devolve upon the officer the duty of exercising an official discretion. For this reason, as has been said, mandamus will not lie to coerce his official action.

Our conclusion is that the order directing the writ to issue was error, and that said order furnished no legal ground for the entry of a judgment for costs. The order appealed from is reversed, and the District Court will be directed to enter judgment in the appellant's favor, dismissing this proceeding, and for defendant's costs and disbursements in both courts. The other judges concurring.