LYMAN N. CARY, Appellant, v. COUNTY OF MORTON, NORTH DAKOTA, Lee Nichols, County Auditor, J. W. Stevenson, W. H. Morman, J. I. Rovig, Philip W. Blank, August Nickel, Commissioners of Said Morton County, Respondents.

(223 N. W. 928.)

Opinion filed March 2, 1929.

*W. H. Stutsman,* for appellant.

*C. F. Kelsch,* for respondent.

NUESSLE, J. Section 2202, Supplement of 1925, being § 2202 Compiled Laws of North Dakota for the year 1913, as amended by § 5, chapter 199, Sess. Laws 1925, after prescribing the manner in which

counties shall acquire tax deeds to property sold for taxes and bid in for the county, provides:

"Property so acquired by tax deed shall, under the direction of the board of county commissioners, be sold at public or private sale, notice of which shall be given by posting at the front door of the court house thirty (30) days prior to the sale, a description of the parcels to be sold and by publishing a notice of such sale in the official newspaper of the county giving a description of the parcels to be sold, such notice to be published at least once in each week for two consecutive weeks prior to the date of sale. Any number of tracts may be included in a single notice. Such sale shall take place at the county seat on the second Tuesday in June of each year and shall continue from day to day until completed. The county board before holding the sale may, at its discretion, place a minimum sales value on each tract. The county auditor, with the approval of the board of county commissioners, may reject any or all bids. In case no bids are received on any parcel of real property and such property is retained by the county, the county shall not be liable to any city or other subdivision for any special assessment taxes levied on such property. The purchaser shall, upon complying with the requirements, be given a deed executed in the name of the county by the chairman of the board of county commissioners and the county auditor, conveying all rights, title and interest in and to the property acquired by the county through the tax proceeding, which deed may be substantially in the following form: . . ."

The plaintiff brings this action to compel the issuance to him by the defendant, Morton county, of deeds for real property which he claims to have purchased at a sale held pursuant to the provisions of the statute quoted above. The trial court in a memorandum opinion succinctly states the purpose of the action, the issues as made by the pleadings, and the contentions of the parties, as follows:

"This is an action having for its object and purpose the issuance of a writ of mandamus peremptorily directing the defendants to execute and deliver to plaintiff, deed or deeds to several city lots located in the city of Mandan which lots plaintiff alleges he purchased from the county at a public sale of real estate held June 8, 1926, under the provisions of § 2202, Comp. Laws Supp. 1925, chapter 199, Sess. Laws 1925, the titles to which lots had been acquired by the county through

tax sale proceedings. The plaintiff alleges in substance that he was a successful bidder at said sale of the property in question, that he demanded deed or deeds conveying the property to him, that he is ready, willing and able to pay the amounts bid, that the officials named have failed and refused to deliver said deeds to him, that he has no other speedy, adequate remedy, and prays for peremptory writ of mandamus. The defendants answered to the effect that the day following the sale, to wit, June 9th, the board of county commissioners convened, canvassed the sales and by resolution spread upon the minutes of the meeting directed the auditor to reject all bids received at the sale which were in an amount less than the amount of the original tax and the original special assessments plus interest at 7 per cent from the date of delinquency to the date of sale, whereupon the county auditor seems to have rejected the bids of plaintiff and he and the chairman of the county board refuse to execute and deliver deeds.

"The defendants contend that the board and the auditor acted within their rights in so doing. They further contend that defendants are not in default, that the plaintiff has not shown he is entitled to a deed; that not having paid the sums bid for the property or tendered the same and kept the tender good his right to a deed being inchoate, he is not entitled to the peremptory writ."

The case came on for trial and after hearing the evidence the trial court found in substance the following facts: The defendant Nichols is the auditor of Morton county. Pursuant to the statute he advertised a sale of property to which tax deeds had been taken by the county, to be held on June 8, 1926. Numerous tracts were advertised to be sold. No minimum sales values were placed on these tracts by the county board. Responsive to the notice many persons presented themselves at the time and place specified and a sale of the tracts as advertised was had. All of the tracts were offered for sale. Bids therefor were made by the persons present. As each tract was offered and bids received therefor, the auditor announced that such tract was sold to the highest bidder. When all of the advertised tracts had been offered and had either been sold or passed for want of bidders, the auditor announced that the sale was over. No continuance thereof was made to any subsequent date. The plaintiff was present at such sale, bid on various tracts, and in numerous instances was the highest bidder

and was advised by the auditor that his bids were accepted. The property bid in by him comprised lots in the city of Mandan subject to special improvement assessments. Each tract was bid in for less than the amount of the original tax and the original special assessments, plus interest and penalty. The plaintiff was then and there ready, able, and willing to pay for said tracts so bid in by him and announced by the auditor as sold to him, and demanded that the auditor carry out the sale by delivering the deeds therefor. He advised the auditor that he was ready, willing and desired to pay therefor and procure deeds, but made no actual tender of the purchase money. It does not appear that any memoranda of the sales were made. The auditor was unable at the time to prepare and deliver the deeds on account of the great amount of work imposed upon him by the sale and matters in connection therewith. However, he promised to prepare such deeds for delivery as soon as possible and to notify the plaintiff of the amounts to be paid to the county for said lots. The board of county commissioners was in session and present at the time of the sale. On the next day, June 9th, before the auditor could prepare and deliver the deeds to the plaintiff, the city of Mandan procured the issuance of an order restraining the county of Morton and the officers thereof from carrying out the sale and issuing the deeds. So no notice was sent to plaintiff by the auditor. As a result of the service of the injunctional order the board of county commissioners then in session adopted a resolution rejecting all bids offered for the tracts advertised to be sold at the sale, except in those cases where the amounts of such bids were equal to the original tax and original assessments and interest from the date of delinquency to the date of sale, and directed the county auditor to act accordingly. The auditor acquiesced in this action of the county board and thereafter refused to proceed further in the issuance of the deeds or otherwise in the completion of the sales. The county answered in the injunctional action, set up the adoption of the resolution and alleged that no deeds would issue for any of the property bid in in which the city had an interest by way of special assessments, except in those cases where the amount of the bid was enough to cover the special assessments as well as the general tax. Thereupon in reliance upon the action of the county board thus taken with respect to the matter of the sale the injunctional action was dismissed. At all times since the county has

refused to carry out the sale and issue deeds, though plaintiff has requested that they be delivered to him and that he be permitted to pay therefor the amounts bid by him at the sale. On these facts the court held the plaintiff was not entitled to the relief sought and ordered judgment dismissing the action. Judgment was entered accordingly and the appeal is from such judgment.

But two questions are here for determination: First, did the board of county commissioners and the auditor have the power to reject the bids on June 9th considering what was done on the preceding day in making and carrying out the sales? Second, even though they had no authority to reject the plaintiff's bids, can he, notwithstanding, maintain this action to coerce the issuance of the deeds to him in view of the fact that the transaction was not completed and he at no time paid or tendered the purchase price of the property?

Chapter 199, supra, contemplates a comprehensive scheme for the collection of delinquent real estate taxes and special assessments. It provides when such taxes shall become due, when they shall become delinquent, fixes penalties for nonpayment, provides when and how the property taxed shall be sold for delinquent taxes, determines the procedure thereafter to be followed in the way of redemption from tax sale and in the way of issuing tax deeds in the absence of redemption, contemplates that there may be no bidders at the tax sales and provides that in such cases the property shall be bid in for the counties, and, in order that money may be realized from the property so bid in for the counties and the property again placed upon the tax lists, makes provision in § 2202, supra, for the taking of deeds by the counties and the sale of the property so acquired by them. The act recognizes the distinction between general taxes and special assessments and makes provision for the sale of property for the latter at the same time and in the same manner as for the former, and that where both are delinquent they shall be advertised and sold together in one sum and one certificate be issued therefor. Under the terms of the act where the county has taken deeds and thereafter resells the property pursuant to the provisions of § 2202, supra, the proceeds of such sales are required to be paid into the county treasury and the general taxes first paid therefrom to the several beneficiaries thereof, and if there be any balance remaining, such balance or enough thereof to satisfy the special

assessments is placed to the credit of the special assessment districts. If after this is done there be any remainder it is covered into the general fund of the county. Thus it will be seen that the act provides a complete and comprehensive scheme for the collection both of general taxes and special assessments. The defendant contends, however, that the provisions of this statute relating to the sale of property' thus acquired by the counties on tax deed, must be considered and construed in connection with the provisions of § 3274, Comp. Laws 1913, relating to the sale of county property generally. Under the terms of the latter statute where a sale of property is made, the offer must be accepted by the board of county commissioners before a sale shall become effective. So the defendant argues that in the instant case the sales to the plaintiff could under no circumstances, regardless of what was done at the time thereof, become effective unless first approved by the county board, and consequently that the county board had the right to reject any and all bids made by the persons attending and bidding at the sale on June 8th even though the county auditor announced that the property was sold at the highest price bid for each particular tract and the bidder was apprised of that fact, and all other requirements of the statute were complied with. It seems to us, however, that there is no basis for this contention and that § 2202 is sufficient unto itself and provides a method of sale wholly different from that contemplated by § 3274, supra. Under the provisions of § 2202 the auditor is the agent of the county. If bids are offered and the auditor knocks down the property to the highest bidder and the requirements of that section are otherwise met in all respects, the sale is at once complete without reference to any further action by the board. It seems clear that the statute does not contemplate that the board shall necessarily be in session at the time the sales are being made. The motivating thought behind the statute is the collection of the taxes and the placing of the property back on the tax lists and not the making of a profit for the county out of real estate transactions. The statute enables the board to protect the county by fixing in advance the minimum sales value which will be acceptable for any tract. It further safeguards the county by providing that if the auditor deems it proper to do so he may reject the highest bid, subject however to the board's approval of his action in so doing. In other words, the statute contemplates that the auditor

shall be authorized to sell the property to the highest bidder without further action by the board and if he refuses to accept the highest bid his action in so doing requires the ratification of the board. If the statute contemplated any other course, the provision that the rejection of the highest bid by the auditor requires the ratification of the board to be effective would be wholly redundant and unnecessary. We therefore hold that when the statute has been fully complied with the county board has no right to reject a bid if that bid was the highest made, where no minimum was fixed, and where at the time the bid was made the auditor announced its acceptance and the sale was completed in other respects. But, in the instant case, the sales were not complete. The county auditor was the agent of the county to effect the sale but his authority was limited by the statute. He could not vary the terms prescribed and one of those terms was that the sale must be for cash. The plaintiff neither paid nor tendered the purchase price. So far as appears there were no memoranda of the sales. The auditor advised the plaintiff that he was unable to complete the sales at the time the bidding was concluded but that he would notify the plaintiff when the deeds were ready for delivery and as to the amount required to be paid by the plaintiff. This was something which the auditor had no authority to do. So the sales were not complete. See Pike v. Balch, 38 Me. 302, 61 Am. Dec. 248. The county board had the right to fix the minimum value on the several tracts offered prior to their sale. On the next day after the sale the board passed its resolution that no property should be sold for less than the whole amount of the taxes, both general and special assessment, and interest to date of sale. Prior to that time the plaintiff had not paid or tendered the purchase price nor taken any further steps in any direction to complete the transactions, nor had the auditor. Since the sales were incomplete, and since the county board had authority to fix the minimum value prior to sale, this resolution was valid and effective.

The relief which plaintiff seeks in this proceeding is in effect mandatory relief and he must establish that he has done everything necessary and required by him to be done before he is entitled to that relief. He must show that he has a clear legal right to the issuance of the deeds. See State ex rel. Minot v. Willis, 18 N. D. 76, 118 N. W. 823. He

has not done this, and, therefore, the district court rightly denied the prayer of his complaint and dismissed the action.

The judgment is affirmed.

BURKE, Ch. J., and BURR, CHRISTIANSON, and BIRDZELL, JJ., concur.