STATE OF NEBRASKA, APPELLANT, V. JACK MANN ET AL., APPELLEES.

FILED MAY 24, 1935. No. 29256.

*William H. Wright, Attorney General, Edwin Vail* and *William C. Ramsey,* for appellant.

*Johnsen, Gross & Crawford, W. A. Schall* and *John D. Lynch, contra.*

Heard before GOSS, C. J., ROSE, DAY, PAINE and CARTER, JJ., and LOVEL S. HASTINGS and LIGHTNER, District Judges.

HASTINGS, District Judge.

This action was instituted by the state of Nebraska to enjoin the defendants and appellees, who are common carriers of passengers by taxicabs, operated under the trade-name of "Checker Cab Company," within the city of Omaha and its environs, from continuing to operate as such common carriers until they complied with the regulations promulgated by the state railway commission (hereinafter called the commission), made pursuant to the provisions of a statute relative to the furnishing of liability insurance. The injunction was denied by the trial court and plaintiff's cause of action dismissed. The state appeals from the judgment.

The facts are not in dispute, and, as stipulated by the parties, are: That the defendants and each of them were operating taxicabs or public cars carrying persons for hire in Omaha and Douglas county; that each of the defendants had procured liability insurance in the Travelers Mutual Casualty Company of Des Moines, Iowa, for the amount of public liability and property damages required by the resolution of the commission, No. 110 and its supplements.

The commission received said insurance policy, but refused to approve the same. The insurer was a mutual company authorized to transact business in the state of Nebraska, and its financial statement as of September 14, 1933, showed a surplus of $129,563.60. The business of the insurer was the carrying of public liability risks and

other types of casualty business. It had in effect a re-insurance contract with the Excess Insurance Company of America, a New Jersey corporation, whose capital was, on the 31st day of December, 1932, $750,000, and a surplus of $850,000. The Excess Insurance Company was not authorized to transact business in the state of Nebraska. By said contract the reinsurer agreed to reinsure the Travelers Mutual Casualty Company as respects all third party automobile public liability policies, and agreed to repay any amounts of ultimate net loss which that company might be required to pay, not to exceed $2,500 on account of one person injured or killed, or $5,000 for two or more persons injured or killed in any one accident.

The particular order of the railway commission involved herein, known as supplement No. 3 to resolution No. 110, was made on the 21st day of April, 1932, and so far as material provides:

"It is further ordered that if liability insurance or surety bond be furnished the same will be accepted only when issued by an insurance company or licensed bonding company authorized by the bureau of insurance of the department of trade and commerce of the state of Nebraska, or their lawful successors, to do business in the state of Nebraska. The insurance company furnishing such indemnity, shall be possessed in its own name and right, of a surplus to policyholders of not less than $300,000, according to the financial statement of the company as of December 31st preceding, on file with and approved by the insurance bureau of the department of trade and commerce of the state of Nebraska."

The record does not show that defendants made any effort to procure liability insurance conforming to said order. So far as the record shows, liability insurance complying with the order of the commission might have been as readily procured, at the same expense, as the insurance tendered.

The controlling question in this case involves the power of the commission to prescribe, as a condition of approval,

that the insurance carrier for taxicabs have a surplus as provided in the order. The right of the commission to impose this condition depends upon the construction to be given section 60-202, Comp. St. 1929, which provides:

"No person, firm, association or corporation shall operate or use any taxicab in any manner as above defined in the state of Nebraska until there has been filed or deposited with the Nebraska state railway commission either a liability insurance policy or a surety bond with an approved surety company as surety or negotiable and salable securities at the option of such person, firm, association or corporation, but which shall be approved by the commission, in such sum and with such other terms and provisions and on such conditions as the commission may deem necessary adequately to protect the interest of the public having due regard for the number of persons and amount of property affected."

In the case of *Petersen v. Beal,* 121 ·Neb. 348, the general power of the commission to prescribe regulations as provided for in the statute was sustained.

It is urged by counsel for the defendants that because subdivision 12, sec. 44-401, Comp. St. 1929, permits companies to engage in the writing of liability insurance for coverage upon automobiles generally, and provides as a minimum requirement a surplus of $125,000, the question of financial responsibility of companies offering to write liability insurance is committed to the department of insurance, and that said section 60-202 does not authorize the commission to restrict the right to write liability insurance on taxicabs to companies having a surplus of $300,000 or more; nor to refuse to accept and approve policies from companies not having a surplus required by the commission, but which have been regularly licensed by the insurance department.

Section 60-202, Comp. St. 1929, requires as a prerequisite to the right of owners and operators of taxicabs to engage in that business that they furnish indemnity of one of the three kinds named in the statute, to be filed or

deposited with the commission for its approval. The statute invests the commission with the power to prescribe the amount, terms and provisions of liability insurance policies for liability coverage for taxicabs, and to prescribe such conditions with regard to the acceptance and approval, including a reasonable requirement as to financial responsibility, as the commission deems necessary adequately to protect the interests of the public. Neither the statute nor the orders of the commission made pursuant to its provisions modify or amend the general provisions as to the requirements necessary for liability insurance companies to engage in business generally, as provided by section 44-401, Comp. St. 1929. The statute is a special piece of legislation designed to give the commission a right to make additional requirements as to this specific class of risks. "Special provisions of a statute in regard to a particular subject will prevail over general provisions in the same or other statutes, so far as there is a conflict." *Albertson v. State,* 9 Neb. 429. This rule has been followed in *Richardson County v. Miles,* 14 Neb. 311; *State v. Cornell,* 53 Neb. 556; *Richards v. County Commissioners of Clay County,* 40 Neb. 45; *Merrick v. Kennedy,* 46 Neb. 264; *State v. City of Kearney,* 49 Neb. 325; *State v. Several Parcels of Land,* 79 Neb. 638; *Williams v. Williams,* 101 Neb. 369; *Salyers Auto Co. v. DeVore,* 116 Neb. 317.

The provisions of section 60-202, Comp. St. 1929, relate specially to the writing of liability coverage for taxicabs, and the orders of the commission made agreeable to its provisions takes precedence over the general provisions of section 44-401, Comp. St. 1929, as to such risks. The order of the commission requiring, as a condition of approval of liability insurance policies covering taxicabs, that the company writing the risk have a surplus of at least $300,000 was a valid exercise of the power delegated to it by the legislature, and it will be presumed, without evidence to the contrary, that the commission, in fixing that requirement as to surplus, gave the subject full consideration and deemed it necessary to fix such financial

responsibility to adequately protect the interests of the public.

It is insisted by counsel for the defendants that the order of the commission does not require, as a condition of approval, that a surety company, authorized to write the same risk, have a surplus of $300,000, and therefore is arbitrary and unreasonable. We do not think, from a reading of the order, that it was the intention of the commission to make the discrimination claimed. The language of the order may be fairly construed to include both a liability insurance company and a surety company. Furthermore, the statute gave the defendants the option of either furnishing liability insurance or a surety company bond, and if the order is given the construction claimed by counsel, defendants are not in a position to complain, as they might have furnished that kind of security had they so desired. The claim of counsel for defendants that in any event the statute and order of the commission were substantially complied with, and the public amply protected, is without merit. This claim is based upon the reinsurance contract. The company in which the reinsurance was placed was not authorized to do business in the state of Nebraska, as required by the order of the commission. It was a nonresident corporation not primarily liable, as contemplated by the order, and under its contract its liability was a limited secondary liability.

The defendants not having furnished the indemnity required by the order of the commission, an injunction should have been granted by the trial court restraining defendants from operating taxicabs until such time as they comply with the statute and the order of the commission.

The judgment is reversed, with directions to grant an injunction in conformity with this opinion.

Reversed.