[File No. 6615.]

MIDLAND PRODUCE COMPANY, a Corporation, Appellant, v. CITY OF MINOT, a Municipal Corporation, et al., Respondents.

(294 N. W. 192.)

Opinion filed August 13, 1940.

*Halvor L. Halvorson* (*Leon W. Halvorson,* of counsel), for appellant.

*O. B. Herigstad,* for respondents.

CHRISTIANSON, J. The plaintiff, Midland Produce Company, brought this proceeding in mandamus to compel the city of Minot, its mayor, and the members of its city council, to issue to the said Midland Produce Company a building permit authorizing it to construct a retail service and bulk oil station within the "fireproof building limits" of the city of Minot. The district court dismissed the proceeding and the plaintiff has appealed.

Section 8457, Comp. Laws 1913, provides that "The writ of mandamus may be issued . . . to any . . . board or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station. . . ."

Mandamus will not lie against a municipal board or officer unless the plaintiff's or relator's legal right to the performance of the particular act sought to be compelled by the writ is clear and complete. 38 C. J. 582, 691. The writ will not lie to control official discretion. Oliver v. Wilson, 8 N. D. 590, 80 N. W. 757, 73 Am. St. Rep. 784; State ex rel. Wiles v. Albright, 11 N. D. 22, 88 N. W. 729; Mogaard v. Garrison, 47 N. D. 468, 182 N. W. 758; State ex rel. Herbrandson v. Vesperman, 52 N. D. 641, 204 N. W. 202. Neither will it lie where there is some other plain, speedy, and adequate remedy in the ordinary course of law. Comp. Laws 1913, § 8458. To be enforceable by mandamus, the duty must be one clearly and peremptorily enjoined by law. The law must not only authorize the act, but it

must require it to be done. 38 C. J. 600; 18 R. C. L. 119; State ex rel. Minot v. Willis, 18 N. D. 76, 118 N. W. 820; Cary v. Morton County, 57 N. D. 700, 223 N. W. 928.

The laws of this state confer upon a city council the power to regulate the construction of buildings; to prescribe the limits within which wooden buildings shall not be erected, placed, or repaired without permission; to establish fire limits and to direct that all buildings constructed within such limits shall be of fireproof material; to define fireproof material; and, to provide by ordinance, "for issuing building permits, and appointment of Building Inspectors." Comp. Laws 1913, § 3599, subds. 46, 47. They also empower the city council to regulate and prevent the storage of petroleum or any of the products thereof, and other combustible or explosive material. Comp. Laws 1913, § 3599, subd. 50.

The ordinances of the city of Minot provide that any person, firm, or corporation desiring to transport, sell, keep, or give away explosives, inflammable or other substances of like nature, or any materials, or things whatsoever which tend to increase fire hazards within the limits of the city, shall make application in writing to the Chief of the Fire Department; and such ordinances further provide that it shall be illegal to proceed with the transportation, sale or use of such articles until a license or permit shall have been issued by the Chief of the Fire Department. Compiled Ordinances of Minot, 1931, § 119. Such ordinances further provide that when any person or persons or corporation shall desire to erect any buildings or structure within the limits of the city, he or they shall make application to the city inspector for that purpose, and "shall furnish such inspector with a written statement of the proposed location, dimensions and manner of construction of proposed building, buildings or structure, as well as complete copy of the plans and specifications of same where the proposed construction shall exceed one hundred dollars in cost." Compiled Ordinances of Minot, 1931, § 199-a. And that "no person or persons or corporation shall construct, alter, repair, raise, or move any building or structure of any kind within the limits of the city, except the same conform to the rules and regulations prescribed by ordinance and such other regulations as the building inspector may make from time to time for the

protection of property against fire and the protection of the health and persons of the inhabitants of the city, provided that, in case of difference arising between the builder and building inspector, the builder shall have the right to appeal to the city commissioners of said city and its decision shall be final upon the matters affecting the same." Compiled Ordinances of Minot, 1931, § 130.

On September 9th the plaintiff, Midland Produce Company, made application for a permit to construct a bulk and service oil station building—brick and cement construction—at a cost of $5,000. The application was accompanied by a copy of the plans and specifications for the service station, but there were submitted no plans or specifications for the bulk station. The building inspector signed his name below the following printed statement on the application: "I recommend that permit be granted." He also dated and signed his name to the following statement appearing under the heading *Building Permit*, "The foregoing application granted. . . . Fee $2.00, paid."

The building inspector testified that it had been his practice to act upon all applications for building permits outside of the fire limits, but to refer all applications for building permits within the fire limits to the city council for approval or rejection. That when the application of the plaintiff was presented he was under the impression that the proposed building was to be located outside the fire limits, and it was while under such impression that he signed the statement that the application was "granted." That, thereafter, when he discovered that the building was to be constructed within the fire limits, he erased his signature and the words and figures which he had written in the blanks in the statement that the application was granted, and that he then explained to the attorney for the plaintiff, who had filed the application, the reason for making such erasure, and further advised him that the application would have to be submitted to the city council. The application came on for consideration before the city council on October 3d, and was referred to a committee for investigation and report. On October 24th, the committee made the following report: "After due investigation of the advisability of permitting a bulk gasoline station to be located on the property . . . we recommend to the council that the permit to construct this station at this location be denied, for the reason that it will increase the fire hazard in a con-

gested area, and, for the further reason that traffic is already badly congested on Third Street Southeast, at this point, and the location of a gasoline station as contemplated will reduce the available parking space and add to traffic troubles."

At a meeting of the city council held on November 7th, the report of the committee was adopted, and the application of the plaintiff was denied. Thereupon, on November 17th, plaintiff instituted this mandamus proceeding.

After the mandamus proceeding had been instituted, but before it was tried, the building inspector was advised by the city attorney that an application for a building permit was required to be referred to the city council for approval or rejection only where a permit was sought to construct a building within the *semi-fireproof limits,* and that where a permit was sought to construct a building within the *fireproof limits* the building inspector had the power to act upon and approve or reject the application, and was not required to refer the same to the city council. Upon being so advised the building inspector, on November 30th, made a notation on the plaintiff's application for a building permit: "Rejected because no plans were submitted for bulk station," signed his name thereto, and thereafter returned the application with such notation thereon to the attorney for the plaintiff who had signed and presented such application. The building inspector also wrote the following letter to the attorney for the plaintiff:

"I have been advised by the city attorney that under the ordinances of the city of Minot the city inspector is given the power to grant a building permit within the fireproof building limits as defined by § 123 of the 1931 Compiled Ordinances.

"Some time ago the Midland Produce Company, a corporation, made application for a permit to construct a service station and an oil and gas bulk plant on the East Seventy-two (72) Feet of Lots Two and Three (2 & 3) of Block Thirty (30) of the First Addition to the city of Minot, which is within the fireproof building limits of the city of Minot.

"I have decided to deny such a permit for the reason that there were no plans and specifications submitted with said application showing how or where they proposed to construct the bulk oil and gas plant,

and under the provisions of § 129 a, such plans and specifications must be submitted with the application for permit.

"I am returning herewith the application which was signed by you as attorney for the Midland Produce Company."

The decision of the trial court is correct, and must be affirmed. No duty was imposed by law upon the mayor and the members of the city council of Minot to issue the building permit for which plaintiff applied. Under the ordinances of the city the power to issue such permit is conferred upon the building inspector, and the city council is vested only with power to review the action of the building inspector on appeal. Here there was no appeal by the builder from an action of the building inspector. But even if the matter had come before the city council on appeal, no legal duty would have rested upon it to issue or direct the issuance of a building permit to the plaintiff. Plaintiff's application for a permit did not comply with the ordinance, and it had no clear legal right to have the application considered or granted.

Affirmed.

Nuessle, Ch. J., and Burr, Morris, and Burke, JJ., concur.