E. J. SCHONBERG and Faustina Schonberg,
Plaintiffs and Respondents,

v.

CITY OF FARGO PLANNING COMMIS-
SION, and John Whittlesey, President,
John Alsop, Melvin Berg, Harold Orvedahl,
and Mrs. Dave Roberts, Members of said
Commission, Defendants and Appellants.

No. 7955.

Supreme Court of North Dakota.

Sept. 15, 1961.

Wattam, Vogel, Vogel, Bright & Peterson, Fargo, for plaintiffs-respondents.

Conmy, Conmy & Feste, Fargo, for defendants-appellants.

MORRIS, Judge.

This is an appeal from a judgment of the district court directing the issuance of a peremptory writ of mandamus commanding the City of Fargo Planning Commission to issue a certificate approving a plat of Schonberg's Addition to the City of Fargo. The plaintiffs' application for a writ is supported by the affidavit of their attorney which states that the plaintiffs, through their agent, submitted to the Board of City Commissioners of the City of Fargo a plat entitled "A Plat of Schonberg's Addition to the City of Fargo located in the N.W.¼ of the N.W.¼, Section 19, T. 139 N., R. 48 W., Cass County, North Dakota," dated August 12, 1960, and certified by Frank J. Richard, registered professional engineer, and the plat was accompanied by the owner's certificate and dedication. It is also stated that the Board of City Commissioners referred the plat to the City of Fargo Planning Commission for its study and return, and on September 7, 1960, the plat was presented to the Planning Commission but no action taken thereon for more than 30 days thereafter. On November 2, 1960, the plaintiffs made a written demand on the Planning Commission at an official meeting demanding the issuance of a certificate of approval in accordance with Section 40–

4821, NDRC 1943, and the Planning Commission refused to issue the certificate and continues to refuse its issuance. A copy of the plat is attached to the plaintiffs' application and incorporated therein by reference.

An alternative writ of mandamus was issued by the court and in support of their return thereto the defendants present the affidavit of the president of the Planning Commission which shows that on August 3, 1960, the Commission considered and disapproved a plat of Schonberg's Addition to the City of Fargo. Thereafter a slightly amended plat was filed with the city auditor on August 12, 1960, and on August 16 was referred to the Planning Commission by the City Commission of Fargo for study and return. The affidavit further states:

"That at the next regular Planning Commission meeting of September 7th, 1960, the amended plat appeared and there was conjecture and discussion as to where it came from with no answer given by anybody. No one representing the Schonbergs was present at the meeting, no one asked for action on the plat, and no one explained where it was different from the plat previously acted upon, so the undersigned announced that it would be. passed. The following minute entry appears in the minutes of September 7th, 1960: 'President Whittlesey announced an item on the agenda with regards to discussing proposed changes in the platting of Schonberg's Addition. He said the item would be passed since no one representing Mr. Schonberg was present at the meeting.'"

The affiant also says that he is informed that no notice of hearing the amended plat had been published setting the hearing thereon for September 7, 1960, so it could not have been considered and acted upon that day.

The contentions of the parties involve the interpretation and application of Section 40-48-21, NDCC (40-4821, NDRC 1943), which insofar as is pertinent here, reads as follows:

"Within thirty days after the submission of a plat, the planning commission shall approve or disapprove it. If the plat is not approved or disapproved within such time, it shall be deemed to have been approved, and a certificate to that effect shall be issued by the commission on demand. * * Any plat submitted to the commission shall contain the name and address of a person to whom notice of a hearing shall be sent. No action shall be taken by the commission upon any plat until it has afforded a hearing thereon. At least five days before the date fixed for such hearing, a notice of the time and place of such hearing shall be sent by registered or certified mail to the address shown on the plat. Public notice of all such hearings also shall be given."

The plaintiffs contend that the plat in question was submitted to the Planning Commission, that there was no approval or disapproval of it within 30 days, and that therefore the Planning Commission must issue a certificate of approval. The defendants contend that no plat was submitted to the Commission, that the referral to it by the City Commission after the plat had been filed with the city auditor was not a submission to the Planning Commission within the terms of the statute, and that in any event no approval or disapproval can be had until the Planning Commission has afforded a hearing thereon pursuant to a notice to both the proponents of the plat and to the public. The trial court took the view that the plat had been submitted to the Planning Commission, and the Commission having failed to act within 30 days, the plaintiffs are entitled to a certificate in accordance with the first sentence of the statute above-quoted.

■■ Chapter 40-48, NDCC, is replete with seeming inconsistencies, one of which.

is exposed by the contentions made with respect to the construction of Section 40–48–21, NDCC. In order to show that they are entitled to a writ of mandamus, the plaintiffs must establish that they have a clear legal right to the performance of the particular act the performance of which is sought to be compelled by the writ. Midland Produce Company v. City of Minot, 70 N.D. 256, 294 N.W. 192; Dakota National Insurance Co. v. Commissioner of Insurance, 79 N.D. 97, 54 N.W.2d 745. The first step to be taken toward the establishment of a right to a writ under either contention is proof of submission of a plat within the meaning of the term "submission" as used in Section 40–48–21, NDCC. No plat was submitted to the planning board by the plaintiffs. A plat was filed with the city auditor, who, as far as this record shows, is not a member, officer or employee of the Planning Commission. The petitioners therefore did not submit a plat to that Commission for its approval or disapproval. The governing body of the City apparently gave some consideration to the plat, for, according to the affidavit in support of the petition, the minutes of the governing body show a "referral of said plat to the City of Fargo Planning Commission for its study and return." Thus the minutes of the governing body do not show a submission to the Planning Commission for the purpose of issuing a certificate of approval or disapproval under the statute, but on the contrary the plat was merely referred to the Commission in an advisory capacity for study and return to the governing body for its further consideration. This failure on the part of the governing body to submit the plat for definite action is understandable when we consider the statement in the affidavit of the president of the Planning Commission which indicates that the plat under consideration appeared to be a slight amendment of a former plat filed by the Schonbergs that had been disapproved and that the members of the Planning Commission did not even know where the new plat came from. This was a regular meeting of the planning board but no one representing the Schonbergs appeared nor was any explanation made as to where the new plat differed from the one previously rejected.

In this connection we would also point out that the statute provides:

"Any plat submitted to the commission shall contain the name and address of a person to whom notice of a hearing shall be sent."

The plat that was filed with the city auditor did not contain the name and address of a person to whom the notice of hearing could be sent. We reach the conclusion that no plat was submitted to the Planning Commission for its approval or disapproval and that the purported plat that found its way into the possession of the Commission was not in the form prescribed by statute. The plaintiffs have not shown that they have a clear legal right to the issuance of a certificate of approval of their plat by the Planning Commission. The judgment directing the issuance of a writ of mandamus is reversed.

SATHRE, C. J., and BURKE, TEIGEN and STRUTZ, JJ., concur.